UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID ABDOO<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH  44114<br><br>          Plaintiff,<br><br>     vs.<br><br>SANDUSKY COUNTY SHERIFF<br>c/o Sandusky County Sheriff's Office<br>2323 Countryside Drive<br>Fremont, Ohio 43420<br><br><br>   and<br><br>MATTHEW RAY, In His Individual Capacity<br>c/o Sandusky County Sheriff's Office<br>2323 Countryside Drive<br>Fremont, OH  43420<br><br><br>   and<br><br>CITY OF CLYDE<br>c/o City Solicitor Zachary J. Selvey<br>222 North Main Street<br>Clyde, OH  43410<br><br><br>   and<br><br>MARK ROACH, In His Individual Capacity<br>c/o Clyde Police Department<br>222 Main Street<br>Clyde, OH  43410 | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |

| | |
|---|---|
| and | ) |
| | ) |
| J.J. EARHART, In His Individual Capacity | ) |
| c/o Clyde Police Department | ) |
| 222 Main Street | ) |
| Clyde, OH  43410 | ) |
| | ) |
| Defendants. | ) |

Now comes Plaintiff, David Abdoo, and for his Complaint against the above-named Defendants, states and avers:

## NATURE OF THE ACTION

1. This is a civil rights action stemming from incidents that occurred in the City of Clyde, Sandusky County, Ohio, during the nighttime hours of February 28, 2018, including, but not limited to the following: David Abdoo was assaulted, battered, subjected to excessive force, and subjected to the intentional infliction of emotional distress by City of Clyde, Ohio and Sandusky County law enforcement officers. As a direct and proximate result of the actions and inactions of the Defendants, David Abdoo was deprived of his constitutionally guaranteed rights and did endure physical and emotional pain and physical injuries, past and future medical bills, and other economic and non-economic damages. Plaintiff seeks compensatory and punitive damages, as well as reasonable attorneys' fees and the costs of this litigation.

2. Plaintiff David Abdoo asserts claims under 42 U.S.C. § 1983 for violations of his right to be free from excessive force under the protections of the Fourth and/or Fourteenth Amendments to the United States Constitution. Plaintiff also brings "*Monell*" claims against Defendant Sandusky County Sheriff's Office and Defendant City of Clyde, as the violations against him were the result of an unconstitutional custom(s), policy(ies), or procedure(s). In

2

addition, Plaintiff asserts pendant state law claims for assault and battery and intentional infliction of emotional distress.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. Pendant jurisdiction over the state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

5. The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

7. Plaintiff David Abdoo is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

8. Defendant Sandusky County Sheriff is, and was at all times relevant, a law enforcement agency in Sandusky County, Ohio, with the ability to sue and be sued, residing in Sandusky County in the Northern District of Ohio. Defendant Sandusky County Sheriff is an entity that can be sued for constitutional violations under 42 U.S.C. § 1983.

9. Defendant Deputy Matthew Ray is, and was at all times relevant, a law enforcement officer employed by the County of Sandusky, Ohio who was acting under color of

3

law within the course and scope and in furtherance of his employment with the County of Sandusky. Defendant Ray is a "person" under 42 U.S.C. § 1983. Defendant Ray is sued in his individual capacity.

10. Defendant City of Clyde is, and was at all times relevavnt, a municipal corporation chartered under the laws of the State of Ohio, and is recognized as an entity that can be sued for constitutional violations under 42 U.S.C. § 1983.

11. Defendant Sergeant Mark Roach is, and was at all times relevant, a law enforcement officer employed by the City of Clyde, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Clyde. Defendant Roach is a "person" under 42 U.S.C. § 1983. Defendant Roach is sued in his individual capacity.

12. Defendant Officer J.J. Earhart is, and was at all times relevant, a law enforcement officer employed by the City of Clyde, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Clyde. Defendant Earhart is a "person" under 42 U.S.C. § 1983. Defendant Earhart is sued in his individual capacity.

## STATEMENT OF FACTS

13. On the evening of February 28, 2018, David Abdoo was at the Red Arrow Café located on North Main Street in Clyde, Ohio.

14. Following a dispute, David left the Red Arrow Café without having paid his bill of $41.75.

15. Upon leaving the Red Arrow, David walked to Amber Wesney's apartment residence located on South Main Street in close proximity to the Red Arrow.

16. Ms. Wesney's apartment is on the second floor of a building, accessible by a set of exterior stairs onto a porch.

17. Upon arriving at Ms. Wesney's apartment, David began knocking on her door.

18. Before Ms. Wesney answered the door, Defendants Ray, Roach, and Earhart arrived and walked up the stairs onto the porch. Very soon thereafter, Ms. Wesney made her way onto the porch and was a witness to everything that transpired on the porch thereafter.

19. Once the Defendant officers were on the porch, they began asking David questions. At times David answered the questions; at times David exchanged words with the Defendant officers; and at times David refused to answer questions.

20. After speaking with both David and Ms. Wesney, the Defendant officers decided to arrest and announced that David was being placed under arrest for failing to pay his tab at the Red Arrow.

21. David complied with the officers' commands and allowed Defendant Ray to frisk and handcuff him. At no point did David threaten the officers physically or verbally.

22. While Plaintiff was cuffed with his hands behind his back, Defendant Ray began to check David's left rear pants pocket, at which time David turned his shoulder, but did not offer any meaningful resistance or otherwise pose any threat to the officers. Defendants Earhart and Ray forcefully grabbed David, whose hands remained cuffed behind his back.

23. Defendant Ray and Defendant Earhart lifted David off the ground, raising him up and turning him so that David's body was parallel to the ground. After lifting him up so that he was about five feet in the air, Defendants Ray and Earhart then slammed David to the ground. As they came down on top of David, Defendant Ray drove his knee into the back of David's left leg.

24. David began screaming in agony. The officers, however, attempted to stand David up. Ms. Wesney implored the officers to stop, as she could see that David's left leg was obviously broken. The officers eventually relented.

25. David had to be removed from the porch by emergency medical personnel using a stair-chair.

26. David was taken by ambulance to Promedica Memorial Hospital. Due to the severity of the injuries to his left leg, David was transferred to the University of Toledo Medical Center, a Level 1 trauma center.

27. David's left leg was broken in seven places. He went on to develop compartment syndrome in his leg and ultimately spent 37 consecutive days in the hospital. David has undergone more than ten surgeries. And, he will likely have to undergo additional surgeries in the future.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants Ray, Roach, and Earhart for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment)**

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

29. At the aforementioned time and place, Defendants Ray, Roach and Earhart, acting under color of law and within the course and scope of their employment as law enforcement officers with the County of Sandusky and/or the for City of Clyde, Ohio used unnecessary, unreasonable, grossly disproportionate, outrageous, and excessive force, and/or ordered, authorized, supervised, approved, ratified, and/or failed to intervene to prevent such use of force on David Abdoo in violation of David's clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

30. These Defendants' uses of and/or failure to intervene to prevent unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

31. Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers/personnel would or should have known that the uses of force described herein violated David Abdoo's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or his clearly established Fourteenth Amendment right of bodily integrity protected by the substantive component of the due process clause and that the activity engaged in is unreasonable and "shocks the conscience."

32. Defendants consciously, callously and recklessly disregarded David Abdoo's federally protected rights.

33. As a direct and proximate result of these Defendants' uses of force in violation of David Abdoo's clearly established Fourth and/or Fourteenth Amendment rights, David Abdoo suffered serious permanent and disfiguring physical injuries to his left leg, was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, and suffered and will continue to suffer medical bills and other economic and non-economic loss.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Ray, Roach, and Earhart, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate David Abdoo for the injury, damage, and loss, all of which are permanent, that he has suffered and continues to suffer;

    b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

7

  c.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

  d.  All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Sandusky County Sheriff and City of Clyde for Custom, Policy, or Practice of Causing Constitutional Violations)**

34. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

35. At all times relevant, Defendants Sandusky County Sheriff and City of Clyde separately promulgated and maintained a *de facto* unconstitutional custom, policy or practice of permitting, ignoring, condoning and/or encouraging officers, deputies, and other employees and agents to use contraindicated or excessive/unreasonable force on detainees, including Plaintiff David Abdoo, which shocks the conscience and offends traditional notions of decency.

36. At all times relevant, the Defendants named in this Claim for Relief failed to conduct any meaningful investigation into the excessive and unreasonable force used against David Abdoo by their officers, and ratified the unconstitutional force described herein above.

37. At all times relevant, Defendants Sandusky County Sheriff and the City of Clyde failed to train its law enforcement officers in the permissible use of reasonable force as limited by the Fourth and Fourteenth Amendments. These Defendants were deliberately indifferent to the known, knowable and substantially likely and certain constitutional violations that would ensue as a direct and proximate result of their failure to train as alleged herein.

38. These customs, policies, and/or practices, among others, were the direct and proximate cause of the constitutional violations visited upon, and the injuries of, Plaintiff David Abdoo, and each of the Defendant officers acting in accordance with these customs, policies, or

practices used excessive, unreasonable, outrageous and impermissible force and/or otherwise acted in a manner that shocks the conscience and offends traditional notions of decency.

39. At all times relevant, the policies, customs, and/or procedures referenced in this Claim for Relief were facially and/or de facto violative of the clearly established and known rights of citizens, including Plaintiff David Abdoo, and their implementation constitutes deliberate indifference to and/or reckless and callous disregard for the constitutional rights of said citizens, including David Abdoo, secured by the Fourth and Fourteenth Amendment of the United States Constitution, including the right to due process of law, life, liberty, and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

40. At all times relevant, the policies, customs, and/or procedures referenced in this Claim for Relief were applied in such a manner, and known by Defendants Sandusky County Sheriff and City of Clyde to be applied in such a manner, such that violations of the constitutional rights of citizens, including Plaintiff David Abdoo, were likely and substantially certain to, and did, occur.  Furthermore, the application of these policies, practices, and/or procedures amount to violations of the constitutional rights of citizens, including David Abdoo, secured by the Fourth and Fourteenth Amendment of the United States Constitution, including the right to due process of law, life, liberty, and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

**WHEREFORE,** Plaintiff David Abdoo prays for judgment against Defendants Sandusky County Sheriff and City of Clyde, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate David Abdoo for the injury, damage, and loss he has suffered and continues to suffer;

    b.      Punitive damages against Defendants in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.      Costs of suit and reasonable attorneys' fees; and

    d.      All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Assault and Battery Against Defendants Ray, Roach, and Earhart)**

41. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

42. On February 28, 2018, Defendants Ray, Roach, and Earhart threatened bodily harm against David Abdoo which caused him to be in fear of imminent peril and death.

43. On February 28, 2018, these Defendants had the apparent ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure David Abdoo.

44. At all times relevant, Defendants Ray, Roach and Earhart were acting within the course, scope, and in furtherance of their employment as law enforcement officers with the Sandusky County Sheriff and the City of Clyde, respectively.

45. Defendants Ray, Roach and Earhart assaulted and battered David Abdoo with malicious purpose, in bad faith, in a reckless or wanton manner, and/or with conscious disregard for the safety and well-being of Plaintiff David Abdoo.

46. As a direct and proximate result of being assaulted and battered by these Defendants, David Abdoo was forced to endure and suffer extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff David Abdoo prays for judgment against Defendants Ray, Roach, and Earhart, jointly and severally, for:

    e.    Compensatory damages in an amount that will fully and fairly compensate David Abdoo for the injury, damage, and loss he has suffered and continues to suffer;

    f.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    g.    Costs of suit and reasonable attorneys' fees; and

    h.    All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress Against Defendants Ray, Roach, and Earhart)**

47.    Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

48.    Through their unreasonable and unlawful conduct, Defendants Ray, Roach, and Earhart either intended to cause Plaintiff David Abdoo emotional distress or knew or should have known that their actions or inactions would result in serious emotional distress.  Further, their actions toward Plaintiff were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

49.    Defendants' actions have directly and proximately caused Plaintiff David Abdoo psychic injury from which he suffers and will continue to suffer in the future.

**WHEREFORE,** Plaintiff David Abdoo prays for judgment against Defendants Ray, Roach, and Earhart, jointly and severally, for:

    a.    Compensatory damages in an amount that will fully and fairly compensate David Abdoo for the injury, damage, and loss he has suffered and continues to suffer;

    b.    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.    Costs of suit and reasonable attorneys' fees; and

      d.      All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 22nd day of February 2019

        s/ *Nicholas A. DiCello*
        NICHOLAS A. DICELLO (0075745)
        KEVIN C. HULICK (0093921)
        **SPANGENBERG SHIBLEY & LIBER LLP**
        1001 Lakeside Avenue East, Suite 1700
        Cleveland, OH 44114
        (216) 696-3232
        (216) 696-3924 (FAX)
        *ndicello@spanglaw.com*
        *khulick@spanglaw.com*

        ***Counsel for Plaintiff David Abdoo***